# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| vs. | : | CASE NO: 2:24-cr-10 |
| DAVID A. HAMILTON, | : | CHIEF JUDGE MORRISON |
| DEFENDANT. | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

*Introduction*

David Hamilton is 27 years old, and stands before this Court after having admitted guilt and responsibility, and is prepared to accept punishment for his behavior, actions, and harm he has caused to specific victims, to society, and to his own family. This Memorandum is not intended to provide excuses for David's conduct, but rather, to provide the Court with context for which the Defendant committed the offenses he is before this Court to be sentenced on, in the larger scheme of his course of conduct. Defense Counsel submits that a guideline sentence is sufficient but not greater than necessary to achieve the purposes and principles of sentencing.

The Defendant agrees to the guidelines as calculated by the U.S. Probation officer, agrees with the statement of facts, and Pre-Sentence Investigation Report.

*§ 3553 Sentencing Factors*

The guideline range is 210-262 months. Counsel submits that a sentence at the low-end of the guideline range is sufficient, but not greater than necessary to comply with the purposes and principles of sentencing. This request and guideline range, as the Court is aware, is above the mandatory minimum. Consideration of the 18 U.S.C. § 3553 factors support this type of sentence.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court found that the Sentencing Guidelines are but one of many factors for this Court to consider in determining an

appropriate sentence. That means that the judge, at sentencing, is obligated to impose a sentence which is "sufficient but not greater than necessary" to achieve the broad social purposes of sentencing described in 18 U.S.C. § 3553(a)(2). *Id.*

The factors in 18 U.S.C. 3553(a) include in pertinent part:

(a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant.

(a)(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(a)(3) the kinds of sentences available;

(a)(4) the kinds of sentence and the sentencing range established for

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines….

(a)(5) any pertinent policy statement….

(a)(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(a)(7) the need to provide restitution to any victims of the offense.

When judges factor into a sentence the best way to provide a defendant with needed rehabilitation, as required by § 3553(a)(2)(D), they are at the same time required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). After *Blakely* and *Booker*, a sentence must be "reasonable," a "concept of flexible meaning, generally lacking precise boundaries." *United States v. Webb*, 403 F.3d 373,

385 n.9 (6th Cir. 2005).¹ Thus, reasonableness is when a judge considers the factors listed in 18 U.S.C. § 3553(a) rather than simply selects what the judge deems an appropriate sentence without such required consideration. *Webb*, *supra*.

The *Booker* decision allows this Court to consider factors which the Guidelines previously precluded a court from considering, such as a defendant's age, education and vocational skills, mental and emotional condition, physical condition, family ties and responsibilities, socioeconomic status and any other factors that make each human being and each case unique. *United States v. Ranum*, 353 F. Supp. 2d 984 (E.D. Wis. 2005). 18 U.S.C. § 3661 also specifies that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

In determining whether a sentence is minimally sufficient to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a)(1)–(7).² The weight to be accorded each factor is a matter for the Court to determine in its sole discretion.³ *See, e.g.*, *United States v. Jaber*, 362 F. Supp. 2d 365, 371 n.14 (D. Mass. 2005) (citing *Ranum*, 353 F. Supp. 2d at 985–86; *Untied States v. Huerta-Rodriguez*, 355 F. Supp. 2d 1019, 1023 (D. Neb. 2005) (sentencing court must consult and take guidelines into account but is not bound by them); *Booker*, 543 U.S. at 305 (Scalia, J., dissenting in part) (noting that "district courts have discretion

---

¹ If "reasonableness" was equated with a Guideline sentence, such a standard "would effectively reinstitute mandatory adherence to the Guidelines" that was condemned in *Booker*. *Webb*, 403 F.3d at 385 n.9 (citing *United States v. Crosby,* 397 F.3d 103, 115 (2d Cir. 2005)).

² These directives often conflict with the kinds of sentences previously required by the Guidelines, which in most cases offered little alternatives to prison, even though in some cases, a defendant's education, treatment or medical needs may be better served by a sentence which permits the offender to remain in the community.

³ Many of the factors relevant to 18 U.S.C. § 3553(a)(1)–(7) overlap with factors that are relevant to Guideline determinations, including departures.

3

to sentence anywhere within the ranges authorized by statute—much as they were generally able to do before the Guidelines came into being").

In terms of the **nature and circumstances of the offense**, as outlined in the paragraphs 17-34 are serious and gruesome. David acknowledges and agrees with the gruesome nature and horrific circumstances as laid out.

In terms of the **defendant's history and character**, the Court knows that he has no record outside of this case, and he is only 27 years old. David's parents are Keith Hamilton and Angelica Stegall, and he has one full biological sibling, and six step/half siblings. Even though his parents were never married, they shared parenting time of David. As such, he was raised between his father's home in Zanesville, and his mother's house in Newark every other weekend. David spent the majority of time with his father, and he reports a loving, safe, and supportive household.

David cannot say the same about life in Newark with his mother. He was supposed to spend time with her every other weekend, but when his mother actually abided by the shared parenting agreement, David found himself spending time not with his mother, but with his abuser. David reports that his life was plagued with drug and alcohol abuse, emotional abuse, sexual abuse, and physical abuse. From a young age, David learned to never speak up as speaking up would harm him further.

He reported his mother struggled with addiction and stability, which was only exacerbated by her relationship with her boyfriend. Her boyfriend began to abuse David, with sexual abuse beginning at just 6 years old. As this Court sees far too often in the cycle of abuse, the abused becomes the abuser, and that is exactly who we have in David Hamilton. The early abuse began with oral and anal sex, but it escalated into introducing drugs such as marijuana and potential methamphetamine into David's system while the abuse occurred.

The substance abuse did not manifest until David was 18 years old, even though he was provided illicit drugs from 6-12. At 18, David used cocaine for the first time, and really did not

4

stop until he was 22 years old. From there, he replaced alcohol with cocaine until 24 years old with a relapse that started with cocaine until he graduated to methamphetamine and fentanyl, methamphetamine being his drug of choice. He has never been treated for his substance abuse, however, he is open to receiving treatment for it.

The combination of drugs and mental health issues was just short of fatal for David, who reports diagnoses of PTSD, depression, and anxiety when he was treated at the Veterans Affairs clinic in Zanesville around 2018. He was having suicidal ideations, and was able to get those under control with medication and counseling. He found counseling effective and beneficial, and hopes to continue it while in the future. While his former counseling focused on his past sexual abuse, he hopes to focus on the conduct and his choices that will land him in prison for years to come. He is committed to learning why he perpetuated the cycle of abuse, the cycle of human trafficking, and why he contributed to vicious industry of child pornography that victimizes children in the same way he was victimized.

David was able to receive services from the VA because he served in the United States Navy from 2014-2017 when he was discharged as he fell ill and was diagnosed with eosinophilic esophagitis and received a general discharge under honorable conditions after achieving rank E1.

In terms of **the need for the sentence imposed**, David knows he has to go to prison for a long time in order for the Court's sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. It is clear that David needs the structure of custody integrated with treatment for his child pornography addiction, mental health counseling, and substance abuse counseling so that when he is released, he can have the potential to break the cycle and become a productive, law-abiding member of society.

In terms of **general and specific deterrence,** both would be achieved with a sentence at the lower-end of the guideline range. As this Court is aware, and as David is aware from the victim impact statements in the pre-sentence investigation report, children who are forced into this

5

industry are stripped of their childhood and their lives are forever altered. A sentence in the range of 210 - 240 months would send a message to the community that if a defendant continues to perpetuate the brutal cycle of child trafficking, that defendant will lose his or her liberty for years and potentially decades. This same range would provide specific deterrence to David, because it would allow him to obtain treatment for his addictions and choices, depriving him specifically of liberty for that long would allow him to make amends to the vile decisions and way of life that David chose for himself.

### *Conclusion*

Defendant respectfully requests that the Court fashion a sentence on the lower end of the guideline range. This sentence would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

/s/ *Kaitlyn C. Stephens*
**KAITLYN C. STEPHENS (0095589)**
COLLINS & STEPHENS CO., LPA
150 E. Mound St., Ste. 308
Columbus, Ohio 43215
(614) 443-3100 (614) 413-3902 – Fax
kaitlyn@mcollinslaw.com

*Attorney for Defendant, David A. Hamilton*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically filed the Defendant's Sentencing Memorandum with the Clerk of Courts using the CM/ECF System which will send notifications of such filing to the following: **Emily Czerniejewski, Esquire** and **Tyler Aagard, Esquire**.

/s/ *Kaitlyn C. Stephens*
**KAITLYN C. STEPHENS (0095589)**